Judge Cabell:
The claims of the appellants against Strode, are twofold; first, to make him personally liable, under the warranty in his deed of the 16th of September, 1810, for the land sold by him to Veitch, and by Veitch to them; and secondly, *601 to have the Kentucky lands, which were conveyed in trust by Strode to Lee, by the deed of the 23d day of April, 1818, divided, and a portion thereof laid off as a fund, to which the appellants might resort as a security for any defeet of title in the lands aforesaid. It will be seen from the last mentioned deed, that in consideration of the appellants having released to Strode a mortgage which he had previously executed on certain property, for securing the title of the land sold by him to Veitch, and by Veitch to the appellants, Strode had substituted a portion of the Kentucky lands, on which the appellants were to have a lien, in lieu of the property embraced in the former mortgage. It will be farther seen, that the Kentucky lands were to be divided forthwith, and the portion laid off, on which the appellants were to have their lien. The bill states, that this land has not yet been divided; and assigns this as one of the causes for calling Strode into Court.
Now although it may be, that Castleman and M’Cor-mick have not exhibited in their bill, such a case as would entitle them to a present recovery against Strode, on the warranty in the deed of the 16th of September, 1810, yet it is perfectly clear, that they were entitled to an immediate division of the Kentucky land, in pursuance of, and for the purposes declared in, the deed of April, 1813. I am therefore of opinion, that the demurrer was improperly sustained, even as to Strode.
As to Veitch, the case is still clearer. As to him also, the appellants had two grounds of claim; one for a deficiency in the quantity of the land sold; the other, for the defective title. Now, even admitting that the appellants’ bill did not exhibit a case sufficient to support their claim, on the ground of defect of title; yet no one can doubt that the claim, as stated in the bill, for deficiency of quantity, will give the Court jurisdiction of the case.
The decree must therefore be reversed, the demurrer over-ruled, and the cause remanded for farther proceedings.
*602 I give no opinion as to the effect of the decree of the Federal Court, referred to in the bill; nor on the construction of the deeds from Veitch to the appellants. They are questions in which he is deeply interested; and it will be time enough to decide them when he shall be before the Court.
The other Judges concurred, and the decree was reversed.*

 Absent Judges Ghees and. Caitn ; the latter having decided the cause as Chancellor.